IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
|  | * |  |
| STEVIE BURTON | * | Civil Case No. AW-11-314 |
|  | * | Crim Case No. AW-04-0559 |
| v. | * |  |
|  | * |  |
|  | ****** |  |
| UNITED STATES OF AMERICA |  |  |

## MEMORANDUM OPINION

Before the Court is a Motion/Petition to Vacate filed by the Petitioner/Defendant, Stevie Burton for relief pursuant to 18 U.S.C. ' 2255. On February 5, 2005, Petitioner pled guilty to conspiracy to distribute cocaine and cocaine base (count I), and possession of a firearm in furtherance of a drug trafficking crime (count II). On June 12, 2006, Petitioner filed a motion to withdraw his guilty plea which was denied by this Court on November 17, 2007. Petitioner was sentenced on February 27, 2008 to a term of 292 months as to count I and a consecutive term of 60 months on count II. Petitioner noted his appeal and on November 6, 2009, the judgment and conviction was affirmed in an unreported decision by the United States Court of Appeals for the Fourth Judicial Circuit. The mandate was issued by the Fourth Circuit on November 30, 2009. Petitioner did not file a petition for *writ of certiorari* to the United States Supreme Court. On June 18, 2010, Petitioner filed a "Supplemental Motion for Retroactive Application of sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. 3582 © (2)." On November 9, 2010, the Court granted the Supplemental Motion and issued an order reducing the previously imposed (2-28-07) sentence of 292 as to Count One to 235 months. The sentence as to Count II remained the same.

The present § 2255 Motion was filed on February 4, 2011, 2010 (by Petitioner's wife, Mia who seeks "next friend status"), and the filing was duplicated 5 days later on February 9, 2011 when Petitioner himself filed the Motion. The Motion is based upon three claims of ineffective assistance of counsel all surrounding Petitioner's motion to withdraw his guilty plea. The Government has not responded to the merits of the claims itself but rather the Government has responded to the Motion by moving to dismiss Petitioner's § 2255 Motion as time barred. The instant Motion was filed on or about February 4, 2011. Under 28 U.S.C § 2255 (f) a 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-- (1) the date on which the judgment of conviction becomes final.

There appears to be a dispute as to the date the judgment of conviction became final. The Government cites a Fourth Circuit case that directly held contrary to Petitioner on this issue, i.e. that "where a defendant decides not to pursue relief in the Supreme Court, his conviction becomes final upon the issuance of the court of appeal's mandate." *United States v. Torres*, 211 F.3d 836, 839 (4th Cir.2000). What the Government did not mention is that *Torres* has been overruled by the Supreme Court. In *Clay v, United States*, 537 U.S. 522 (2003), the Supreme Court referred to *Torres* (and a Seventh Circuit case *Torres* was based upon) and took directly the opposite view, holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmance of the conviction. " Id at 525. When we do the math, we find that the Fourth Circuit's opinion was issued on November 6, 2009. Next we calculate the one year plus 90 days from that date to figure out Petitioner's § 2255 deadline. One year and 90 days after November 6, 2009 is exactly February 4, 2011. The Motion/Petition, then appears to be timely. Therefore, the Court need not address the Government's argument challenging the suggestion that the final judgment in Petitioner's case was on November 9, 2010—the date of the Court's modification order pursuant to 18

2

U.S.C. 3582 (c ) (2)  reducing the term of imprisonment as to Count I.

      In short, the Court believes that Petitioner has timely filed the 28 § 2255 Motion within one year when the judgment became final [11-6-09 plus calculating the additional 90 days Petitioner has under Supreme Court Rule 13 (1)].  The Government's request to dismiss the § 2255 Motion must be denied.

      The Court will direct the Government to respond to the merits of the Motion.   A separate Order will be issued.

Date:  July 22, 2011                                        _____/s/_____
                                                            Alexander Williams, Jr.
                                                            United States District Judge